```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION

ALVIN COLLINS, ET AL.,

             Plaintiffs,
v.                                  Case No. 8:17-cv-3024-T-33AAS

JANSSEN RESEARCH & DEVELOPMENT,
LLC, ET AL.,

             Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to the Notice of Removal filed on December 15, 2017, by Defendants Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Janssen Ortho LLC, Johnson & Johnson, and Bayer Healthcare Pharmaceuticals, Inc. (Doc. # 1). Defendants point out that the Complaint alleges that Plaintiff Alvin Collins suffered a stroke and life threatening bleeding due to the ingestion of the medication Xarelto. Defendants explain: "On December 12, 2014, the Judicial Panel on Multidistrict Litigation ('JPML') concluded that centralization in a single federal-court forum was appropriate for these claims and issued an order establishing MDL Proceeding No. 2592, captioned *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in the Eastern District of Louisiana." (Doc. # 1 at 1). The MDL includes actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto." (Id.)(internal citation omitted).

In the Notice of Removal, Defendants seek an order staying this case until such time as the Judicial Panel on Multidistrict Litigation has determined whether this case will be transferred to the consolidated multidistrict litigation. And, the Complaint, in which removal is foreshadowed, states:

> To the extent that this action is removed to federal court, this action is a potential tag-along action to MDL No. 2592 . . . . An immediate stay of this action pending transfer by the Judicial Panel on Mutli-district Litigation of the instant case to the MDL would be appropriate in order to conserve the resources of the local Court as well as the parties.

(Doc. # 2 at 6).

This Court agrees that this case should be stayed pending transfer, and in the interest of judicial economy, this Court stays and administratively closes this matter pending the transfer decision of the Judicial Panel on Multidistrict Litigation. In so staying and administratively closing this case, this Court is mindful of its broad discretion over the manner in which it manages the cases before it, <u>Chrysler Int'l Corp. v. Chemaly</u>, 280 F.3d 1358, 1360 (11th Cir. 2002), and finds that the requested stay is reasonable and appropriate under the circumstances.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **STAY AND ADMINISTRATIVELY CLOSE** this case until such time as the Judicial Panel on

2

Multidistrict Litigation has ruled as to whether this case will be transferred to the consolidated multidistrict litigation.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of December, 2017.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE